### D. STRICKLAND V. THE STATE.

*No. 988.   Decided November 10.*

**Carrying a Pistol—Danger Imminent and Threatening.**—On a prosecution for unlawfully carrying a pistol, where it appeared that defendant had been forced into a fight in his own house, and some few minutes later the parties came together again in front of his house, at which time his antagonist was seeking to use a knife upon him, whereupon defendant drew and fired his pistol, *Held,* that there being no time to admit of the arrest of his antagonist, and the danger being imminent and threatening, the facts do not justify a conviction.

APPEAL from the County Court of Morris. Tried below before Hon. J. W. BOLIN, County Judge.

This appeal is from a conviction for unlawfully carrying a pistol. A jury having been waived, the cause was submitted to the court. The punishment assessed was a fine of $25.

Defendant was a practicing physician, as well as a druggist, in the village of Omaha, Morris County. He was in his professional office, in the back end of the drugstore, when Young, who was drunk and cursing in a boisterous manner, entered the private office. Defendant remonstrated with him about his conduct, at which Young became angry and began cursing and abusing him, and finally the parties got to fighting. They were separated, and Young was carried by force, by bystanders, out of the front door of the drugstore, breathing out curses and threats against defendant, who had followed out on to the gallery of the drugstore. He afterwards stepped down upon the ground within a few feet of Young, who continued to curse, abuse, and dare him, until finally they got at each other again, Young having a knife in his

hand with which he was striking at defendant. Then they clinched and fell. Bystanders again pulled them apart. When they regained their feet Young again rushed upon him with his drawn knife, and defendant drew his pistol and fired, inflicting a wound, which was not dangerous, upon Young. From three to five minutes only elapsed from the time Young entered defendant's private office until the pistol was fired and the difficulty ended. It was proved that defendant was a good, peaceable, law-abiding citizen, who had never before been engaged in a difficulty.

No briefs found in the record.

DAVIDSON, JUDGE.—This conviction was for carrying a pistol. The evidence discloses, that defendant had been forced into a difficulty in his own house; that he had been greatly cursed and abused; that it terminated in a second trouble three to five minutes later, on the sidewalk in front of defendant's house; that during the latter difficulty his antagonist was seeking to use a knife, when defendant exhibited and fired the pistol; that defendant's assailant was in the wrong throughout the transaction, and was determined upon a continuance of the difficulty; and the facts do not justify the conviction.

The danger was not only imminent to defendant, but had been merged into an actual and serious attack. There was not sufficient time to admit of the arrest of the party, and it may be inferred, we think, from the facts, that defendant could not have left his house except by passing his belligerent and armed enemy. This, the sequel shows, would have been attended with danger to his personal safety. Coleman v. The State, 28 Texas Crim. App., 173.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.